UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MUHAMMAD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MORENO, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-00577-LJO-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THE COURT SHOULD NOT ISSUE FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT RAMIREZ BE DISMISSED FROM THIS ACTION, WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>(ECF NO. 14)<br><br>TWENTY-ONE DAY DEADLINE |

Maurice Muhammad ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This case now proceeds on Plaintiff's First Amended Complaint (ECF No. 9), "against Officer Moreno for violation of Plaintiff's Eights Amendment rights and against Officers Moreno, Bejar, and Ramirez for First Amendment retaliation." (ECF No. 11, p. 6).

After the appropriate service documents were completed and returned (ECF No. 12), the Court ordered the United States Marshal Service ("the Marshal") to serve Defendants (ECF No. 13). On March 6, 2018, the summons for defendant Ramirez was returned unexecuted. (ECF No. 14). According to the Marshal, the litigation coordinator at MCCF was unable to accept service of the summons because defendant Ramirez was never a California Department of

1

Corrections and Rehabilitation ("CDCR") employee, and was terminated from employment. (Id.). The CDCR was unable to provide a forwarding address or any identifying information. (Id.).

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties….'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause….'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.

The return of service filed by the Marshal indicates that, according to the litigation coordinator, defendant Ramirez was never a CDCR employee, and was terminated from employment. (ECF No. 14). Defendant Ramirez did not leave a forwarding address. (Id.). There is no indication on the return of service that the Marshal received a response from defendant Ramirez. (Id.). The Marshal certified that he or she was unable to locate defendant Ramirez. (Id.).

Plaintiff has not provided another address for defendant Ramirez, or even requested the

issuance of a third party subpoena so that he can attempt to find defendant Ramirez's current address.

Accordingly, pursuant to Rule 4(m), the Court will provide Plaintiff with an opportunity to show cause why defendant Ramirez should not be dismissed from the case because of Plaintiff's failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on defendant Ramirez. If Plaintiff is unable to provide the Marshal with additional information, and if he does not request the issuance of a third party subpoena so that he can attempt to find defendant Ramirez's current address, the Court will issue findings and recommendations to the assigned district judge, recommending that defendant Ramirez be dismissed from the case, without prejudice.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall show cause why the Court should not issue findings and recommendations to the assigned district judge, recommending that defendant Ramirez be dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m); and
2. Failure to respond to this order may result in defendant Ramirez being dismissed from this action, without prejudice.

IT IS SO ORDERED.

Dated: **May 9, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE