UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MUHAMMAD,<br><br>        Plaintiff,<br><br>    v.<br><br>MORENO, et al.,<br><br>        Defendants. | Case No. 1:16-cv-00577-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(ECF NOS. 19 & 20)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

Maurice Muhammad ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On May 4, 2018, the Court issued an order setting an initial scheduling conference, requiring the parties to exchange initial disclosures, and requiring the parties to file scheduling conference statements. (ECF No. 19).

The deadline for exchanging initial disclosures passed, and according to Defendants, Plaintiff failed to provide Defendants with his initial disclosures (ECF No. 22, p. 2). Additionally, the deadline for filing scheduling conference statements passed, and Plaintiff failed to file his scheduling conference statement.

Accordingly, the Court vacated the initial scheduling conference, and ordered that:

    [w]ithin **twenty-eight (28) days** from the date of service of this

> order, Plaintiff shall serve Defendants with his initial disclosures and file a scheduling conference statement. Plaintiff's scheduling conference statement should confirm that he has served Defendants with his initial disclosures. The Court will reset the initial scheduling conference if it receives a scheduling conference statement from Plaintiff that complies with this Court's orders.

(ECF No. 23, p. 2). Plaintiff was warned that "[f]ailure to comply with this order may result in the dismissal of this case with prejudice for failure to prosecute and failure to comply with court orders." (Id.). The twenty-eight-day period has passed, and despite the Court's warning, Plaintiff did not file a scheduling conference statement or confirm that he served Defendants with a copy of his initial disclosures.[1]

Accordingly, the Court will recommend that this case be dismissed because of Plaintiff's failure to comply with court orders and failure to prosecute.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Pagtalunan, 291 at 639. Here, Plaintiff's continued non-compliance is consuming the Court's limited time. As described above, the Court vacated the

---

[1] This is not the first time that Plaintiff has failed to prosecute a case and comply with Court orders. One of Plaintiff's prior cases, Muhammad v. Komin, E.D. CA, 1:15-cv-01373, was recently dismissed for failure to prosecute and failure to comply with court orders. Muhammad v. Komin, ECF No. 40.

initial scheduling conference because of Plaintiff's lack of compliance with the Court's order setting the conference. Plaintiff was given a second opportunity to comply, but Plaintiff again failed to file a scheduling conference statement and failed to confirm that he served Defendants with a copy of his initial disclosures.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. at 642 (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and, as described above, it is Plaintiff's failure to comply with court orders and prosecute this case that is causing delays. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, the Court finds that dismissal is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed because of Plaintiff's failure to prosecute this case and to comply with court orders; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised

that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 25, 2018**

/s/ Erin P. Grosjean
UNITED STATES MAGISTRATE JUDGE